Claudia OTTIMO, et al., Plaintiffs,

v.

POSADAS de PUERTO RICO ASSOCIATES, INC., et al., Defendants.

Civ. No. 88–2073 (JAF).

United States District Court, D. Puerto Rico.

Oct. 16, 1989.

Frederic Chardón Dubós, San Juan, P.R., for plaintiffs.

---

Iván M. Fernández, San Juan, P.R., for defendants.

## OPINION AND ORDER

FUSTE, District Judge.

In lieu of trial, the parties have submitted a Joint Stipulation of Facts to the court asking us to determine the liability of the defendant, Posadas de P.R. Associates, Inc., as a result of plaintiff Claudia Ottimo's negligence action. Jurisdiction is present pursuant to 28 U.S.C. § 1332. A summary of the stipulated facts follows. A power outage occurred in San Juan at approximately 8:00 p.m. on December 31, 1986. Plaintiff, a guest at the hotel, was taking a shower at this time and fell when the bathroom went dark. Plaintiff claims to have sustained injuries as a result of the fall and charges the hotel with negligence for not taking adequate precautions in protecting her during the power failure.

We disagree. Based on the stipulated facts, we find that defendant, Posadas de P.R. Associates, Inc., did exercise reasonable care in the circumstances and is not liable to plaintiff, Claudia Ottimo.

In order to impose liability on the defendant, plaintiff must establish all the elements of a negligence claim. Plaintiff must show that the defendant hotel owed a *duty* to the plaintiff, that the hotel *breached* that duty, and that the breach *caused* the plaintiff *harm*. Article 1802, Civil Code, 1930 ed., 31 L.P.R.A. § 5141; W. Prosser, *The Law of Torts* § 30 at 143 (1971). Through the Joint Stipulation of Facts the parties have agreed and demonstrated that the power outage was the proximate cause of plaintiff's fall, and that plaintiff did claim damages from the incident. Docket Document No. 24, Stipulated Facts Nos. 10 and 11. Consequently, only two issues remain before the court: the standard of care owed by Posadas to Claudia Ottimo and a determination of whether Posadas did, indeed, meet that standard.

In their brief, plaintiffs argue that this court should impose upon the hotel the same standard of care required by common carriers. Specifically plaintiffs cite *Muñoz v. New York & Porto Rico Steamship Co.*, 72 P.R.R. 543, 546 (1951), which held the public carrier to "the highest degree of care" to its passengers. Puerto Rico law, however, does not apply this stringent standard to hotels.

Puerto Rico law classifies hotel guests as "invitees." *Goose v. Hilton Hotels*, 79 P.R.R. 494, 498 (1956). Under this standard, Posadas had only a duty to exercise reasonable care for the protection of its guests. *Id.; accord Pabón Escabí v. Axtmayer*, 90 P.R.R. 20, 24 (1964); *Dworkin v. S.J. Intercont. Hotel Corp.* 91 P.R.R. 567, 569 (1964); W. Prosser, *The Law of Torts* § 61 at 393 (1971). Whether liability should be imposed under these principles turns on the facts and circumstances of each particular case. *Pabón Escabí*, 90 P.R.R. at 25; *Goose*, 79 P.R.R. at 498. The task before the court, therefore, is to determine whether Posadas respected this standard in its protection of Claudia Ottimo.

Plaintiff argues that defendant shirked its duty in two ways: it failed to warn plaintiff of the possibility of power outages and it failed to equip the bathrooms with emergency lighting in the case of a blackout. Docket Document No. 26. Plaintiff admits that Posadas did provide the hotel with emergency generators that operated the water pumps, passenger elevators, sewage pump, common areas, emergency lighting, computer systems, boilers, casino slot machines and lighting. Docket Document No. 24, Stipulated Fact No. 6. Plaintiff also acknowledges that Posadas did equip the bathtub with both anti-slip strips and handrails. Docket Document No. 24, Stipulated Fact No. 8. The issue, then, before the court is whether Posadas is negligent for not adopting the extraordinary measures suggested by plaintiff.

We think not. A hotel, exercising reasonable care, is not liable for harm resulting from conditions which no unreasonable risk is to be anticipated. *Goose*, 79 P.R.R. at 498. Posadas was not required to foresee *all* possible risks stemming from a power outage, only those that were likely to arise. *Dworkin*, 91 P.R.R. at 569. To hold otherwise, would be to make Posadas

a virtual insurer of the safety of its guests, a position the law has declined to adopt. *See Goose,* 79 P.R.R. at 498; *Dworkin,* 91 P.R.R. at 569; *Pabón Escabí,* 90 P.R.R. at 24.

The foreseeable consequences of a power failure include the stoppage of all mechanical systems in the building, causing confusion and danger in common areas. Posadas satisfied its duty by providing emergency supplementary power for those systems. Posadas also provided precautionary measures in the bathing area should someone become disoriented and fall. It would be an unreasonable burden on the hotel to require it to anticipate the concurrence of those two risks, or all other combination of contingencies. Just because plaintiff did slip as a result of the blackout does not mean that it was a risk that should have been anticipated. *See Dworkin,* 91 P.R.R. at 570. Had plaintiff shown that it is the *custom* in the hotel industry to provide emergency illumination in the bathrooms, or that hotels in Puerto Rico routinely advise their guests of the risk of power failure, we would be more inclined to hold that the standard of reasonable care incorporates these type of measures. *See* W. Prosser, *The Law of Torts* § 33 at 166 (1971); *Hernández v. The Capital,* 89 P.R.R. 998, 1005 (1960).

The law, furthermore, does not obligate a hotel to protect a guest against dangers which are so apparent that the guest is expected to discover them and protect herself. *Goose,* 79 P.R.R. at 498. Similarly, prudence should have cautioned Claudio Ottimo from attempting to move around the bathtub in the dark. She was the best guardian of her safety, not the hotel. Therefore, because we find that Posada's precautions were sufficiently prudent and reasonable in the circumstances, we do not find them liable for plaintiff's alleged injuries. Judgment will be entered for defendants, dismissing the complaint.

IT IS SO ORDERED.